UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

TERESA HULL,                              )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  ) CAUSE NO:
                                          )
COOK MEDICAL, LLC d/b/a                   )
CFC, LLC,                                 )
                                          )
            Defendant.                    )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.      Plaintiff, Teresa Hull ("Hull"), brings this action against Defendant, Cook Medical, LLC d/b/a CFC, LLC  ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").[1]

## PARTIES

2.      Hull has resided within the Southern District of Indiana at all relevant times.

3.      Defendant is a company operating within the Southern District of Indiana.

## JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988;  29 U.S.C. § 2617(a)(2); and 42 U.S.C. § 12117.

5.      Hull was an "employee" within the meaning of 42 U.S.C. §  12111(4) and 29 U.S.C. § 2611(3).

---

[1] Hull reserves the right to amend this Complaint to include her disability discrimination claims against Cook Medical, LLC, currently pending at the Equal Employment Opportunity Commission ("EEOC") after the EEOC issues the right-to-sue notice to her.  Hull previously filed a Charge of Discrimination against CFC, LLC, for which she received her right-to-sue notice from the EEOC.

-1-

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

7. Hull is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

8. As of October 1, 2025, Hull was an "eligible employee" as that term is defined by the FMLA.

9. Hull had a "serious health condition," as that term is defined by the FMLA.

10. Between January 1, 2024, and December 31, 2025, Defendant employed 50 or more employees within a 75-mile radius of the office where Hull worked.

11. Hull worked 1,250 or more hours in the 12-month period preceding October 1, 2025.

12. Hull worked 1,250 or more hours in the 12-month period preceding November 1, 2025.

13. Hull worked 1,250 or more hours in the 12-month period preceding December 1, 2025.

14. Hull satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination against CFC, LLC, with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Hull. She now timely files her lawsuit.

15. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

16. Defendant hired Hull in or about October 1993.

17. Hull was the Leasing Operations Manager when Defendant fired her.

18. Hull's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

19. Defendant promoted Hull to be Leasing Operations Manager in or about June 2025.

20.    In or about October 2025, after meeting with an Orthopedic Surgeon, Hull informed CFC, LLC ("CFC") Human Resources Manager Allison McGow ("McGow") that she may be having shoulder surgery in the near future.

21.    On or about November 13, 2025, Hull affirmed to McGow that the Orthopedic Surgeon had made the determination she required rotator cuff surgery.

22.    The rotator cuff tear constituted a disability under the ADA.

23.    The rotator cuff tear substantially limited Hull in several major life activities, including, but not limited to, function, mobility, and strength of her shoulder joint; self-care; reaching; lifting; pushing; pulling; and sleeping.

24.    Hull informed CFC President Ron Walker ("Walker") about her disability and the pending surgery on or about November 17, 2025.

25.    Hull informed McGow and Walker that she would require leave time for her surgery and recovery pursuant to the FMLA.

26.    Hull's doctor submitted an FMLA Certification to Defendant, with her surgery scheduled for on or about December 5, 2025.

27.    On or about November 26, 2025, Defendant approved Hull's block FMLA leave for on or about December 5, 2025, to on or about March 1, 2026.

28.    Defendant also approved her for intermittent leave starting on or about October 28, 2025, to on or about December 4, 2025.

29.    Hull did not use any intermittent leave before her discharge.

30.    On or about November 28, 2025, Walker informed Hull that he would issue her annual performance review to her before she commenced her leave on or about December 5, 2025.

31.     Walker advised Hull that her performance was meeting Defendant's expectations and that everything would be good when she returned from leave.

32.     Hull met, via Teams, with Walker and Cook Medical, LLC Director of Global HR Operations and Technology Jeryl Schulenberg on or about December 2, 2025.  They informed her that Defendant was firing her.

33.     Defendant fired Hull three days before her surgery and after 32 years of employment.

34.     Hull had her surgery on or about December 5, 2025.

35.     Hull had no notice her job was in jeopardy when Defendant fired her.

36.     Hull received no formal written discipline concerning her performance before her discharge.

37.     Defendant has accorded more favorable treatment to similarly-situated employees outside of Hull's protected classes, including former Director of Operations Mark Webb.

38.     Defendant took adverse employment actions against Hull because of her disability, her record of a disability, its perception of her being disabled, and/or her statutorily-protected conduct (e.g., requesting FMLA leave, etc.).

39.     Any reason proffered by Defendant for the adverse actions it took against Hull is pretextual.

40.     Hull has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

41.     Hull hereby incorporates paragraphs 1-40 of her Complaint.

42.     Defendant fired Hull because of her disability, her record of a disability, and/or its perception of her being disabled.

43.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Hull's rights as protected by the ADA.

## COUNT II

## VIOLATIONS OF THE FMLA

44.     Hull hereby incorporates paragraphs 1-43 of her Complaint.

45.     Hull asked for FMLA-qualifying leave.

46.     Defendant approved Hull for FMLA-qualifying leave.

47.     Defendant fired Hull three days before she could take her FMLA-qualifying leave.

48.     Defendant fired Hull because she requested FMLA-qualifying leave.

49.     Defendant interfered with Hull's substantive FMLA rights.

50.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Hull's FMLA rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Teresa Hull, by counsel, respectfully requests that this Court find for her and order that:

1.     Defendant pay lost wages and benefits to Hull;

2.     Defendant reinstate Hull to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to her in lieu of reinstatement;

3.     Defendant pay compensatory and punitive damages to Hull;

4.     Defendant pay liquidated damages to Hull;

5.     Defendant pay pre- and post-judgment interest to Hull;

6.      Defendant pay Hull's attorneys' fees and costs incurred in litigating this action; and

7.      Defendant pay to Hull any and all other legal and/or equitable damages that this Court

determines appropriate and just to grant.

Respectfully submitted,


/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Teresa Hull

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone:    (317)802-7181
Email:        bwilson@wilsonmelton.com
              smelton@wilsonmelton.com

## DEMAND FOR JURY TRIAL

Plaintiff, Teresa Hull, by counsel, respectfully requests a jury trial for all issues deemed

triable.

Respectfully submitted,


/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Teresa Hull